UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                          Chapter 11

RESTAURANT DEVELOPMENT                          Case No. 8:11-bk-05672-KRM
ASSOCIATION, INC.,

     Debtor.
_____/

## DEBTOR'S EMERGENCY MOTION FOR
## ORDER DIRECTING JOINT ADMINISTRATION OF
## CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(b)[1]

RESTAURANT DEVELOPMENT ASSOCIATION, INC. ("**RDA**" or the "**Debtor**"), by and through its undersigned attorneys, hereby files its Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b), and requests that this Court enter an order directing the joint administration of the above-captioned Chapter 11 case with the Chapter 11 cases of RDATJF 1001 LLC ("**Tijuana Flats #1001**"), RDATGF 1002 LLC ("**Tijuana Flats #1002**"), RDA TFlats 1003, LLC ("**Tijuana Flats #1003**"), RDAS 41231, LLC ("**Subway #41231**"), and RDAS, 01748ZH, L.C. ("**Subway #1748**") (collectively, the "**Related Debtors**").

### Jurisdiction and Venue

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

---

[1] Companion Emergency Motions for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) are being filed in the related Chapter 11 cases which are pending before this Court.

2. The statutory predicate for the relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**F.R.B.P.**").

**Background**

3. On March 29, 2011 (the "**Petition Date**"), the Debtor, along with the Related Debtors (collectively, the "**Debtors**"), filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

4. Each of the Debtors continues to operate its business and manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in these cases and no official committees have yet been appointed pursuant to Section 1102 of the Bankruptcy Code.

6. RDA, through its own operations and through the operations of the Related Debtors, as well as other non-filing related entities, operates Subway and Tijuana Flats franchises located in Hillsborough, Pinellas, and Pasco Counties.

7. All of RDA and the Related Debtors are owned and/or controlled by two individuals, Frank Marinelli and John Oberding.

8. No previous application for the relief sought herein has been made by the Debtors to this Court or any other court.

**Relief Requested and Grounds for Relief**

9. By this Motion, the Debtor requests the entry of an order pursuant to Rule 1015(b) of the F.R.B.P. directing for procedural purposes only the joint administration of the above-captioned Chapter 11 case with the cases of the Related Debtors.

10. Rule 1015(b) of the F.R.B.P. provides, in pertinent part:

> (b) **Cases involving two or more related debtors**. If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Section 101(2) of the Bankruptcy Code defines "affiliate" as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor...
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor....

11. The Debtors are related entities and affiliates within the meaning of Section 101(2) of the Bankruptcy Code and Rule 1015(b) of the F.R.B.P. because, as stated above, more than twenty percent (20%) of the outstanding equity interests in the Debtors are owned, directly or indirectly, by Frank Marinelli and John Oberding. Therefore, this Court may order joint administration of these cases.

12. The Debtor submits that unnecessary and expensive duplication can be avoided by jointly administering the Debtors' Chapter 11 cases pursuant to Rule 1015(b) of the F.R.B.P. for the following reasons:

   a. To expedite the administration of their Chapter 11 cases, the Debtors will be filing other "first day" pleadings affecting all of the Debtors. Absent joint administration, the Debtors will need to immediately file several other motions regarding operational issues and several accompanying notices, orders, and other pleadings. Joint administration will avoid the unnecessary and expensive duplication of effort caused by preparing, filing, and serving the same pleadings with different captions, thereby saving the Debtors

considerable time and expense, as well as conserving judicial and court resources in scheduling and maintaining the separate pleadings.

b. Joint administration will avoid unnecessary and expensive duplication of efforts caused by serving multiple sets of differently captioned but otherwise identical pleadings during these cases. By jointly administering the estates, creditors will receive notice of all proceedings involving the Debtors, thereby ensuring that they are fully informed of all matters potentially affecting their claims. Joint administration will also simplify the Office of the United States Trustee's supervision of all aspects of these cases.

c. Joint administration may avoid or reduce expenses associated with multiple separate Section 341(a) meetings of creditors and may permit the Debtors' management to appear at one joint meeting of creditors.

According to the notes of the Advisory Committee to the F.R.B.P., joint administration may include combining the Debtors' estates by using a single docket for the matters occurring in administration of the cases, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters "<u>that may aid in expediting the cases and rendering the process less costly</u>." Furthermore, it will advance the Court's interest in economy by eliminating the need for duplicate orders and files and will simplify the United States Trustee's supervision of the administration of the Debtors' Chapter 11 cases. In addition, it would be an unnecessary burden on this Court and the Clerk's Office to maintain separate dockets for each of the Debtors.

13. The Debtors request that all pleadings in the Chapter 11 cases bear the following joint administration caption:

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                              Chapter 11

RESTAURANT DEVELOPMENT                              Case No. 8:11-bk-05672-KRM
  ASSOCIATION,
RDATJF 1001 LLC,                                    Case No. 8:11-bk-05674-KRM
RDATGF 1002 LLC,                                    Case No. 8:11-bk-05676-KRM
RDA TFLATS 1003, LLC,                               Case No. 8:11-bk-05680-KRM
RDAS 41231, LLC,                                    Case No. 8:11-bk-05681-KRM
RDAS, 01748ZH, L.C.                                 Case No. 8:11-bk-05682-KRM

      Debtors.                                  Jointly Administered Under
_____/                  Case No. 8:11-bk-05672-KRM

The Debtors further request that all pleadings in the Debtors' Chapter 11 cases be filed and maintained under RDA's case number.

      14. The Debtors' respective creditors will not be adversely affected by the joint administration of these cases, since joint administration of these cases is for procedural purposes only and will not effect a substantive consolidation of the Debtors' estates. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. Moreover, each creditor may still file its claim against a particular estate.

      15. The Debtors do not believe that any of the relief herein requested would create a conflict of interest between creditors of the different estates.

**Basis for Emergency Relief**

      16. If these cases are not jointly administered from the outset, the unnecessary and expensive duplication will be burdensome and oppressive to the Debtors, their creditors, counsel,

and the Court.  Certainly, the relief sought would be of considerably greater value if granted immediately.

WHEREFORE, the Debtor respectfully requests the entry of an order granting this Motion, directing for procedural purposes only the joint administration of the above-captioned Chapter 11 case with the cases of the Related Debtors, and providing for such other and further relief as is just and proper.

Dated: March 30, 2011

> */s/ Daniel R. Fogarty*
> Daniel R. Fogarty
> Florida Bar No. 0017532
> Stichter, Riedel, Blain & ProsseR, P.A.
> 110 East Madison Street, Suite 200
> Tampa, FL  33602
> (813) 229-0144
> (813) 229-1811 Fax
> dfogarty@srbp.com
> Attorneys for Debtor

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copies of the foregoing ***Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure*** has been furnished by either the Court's CM/ECF electronic mail system or by U.S. Mail, postage pre-paid to the **Office of the United States Trustee** and to **All Creditors** on March 30, 2011.

> */s/ Daniel R. Fogarty*
> Daniel R. Fogarty

Label Matrix for local noticing
113A-8
Case 8:11-bk-05672-KRM
Middle District of Florida
Tampa
Wed Mar 30 11:03:33 EDT 2011

Affiliated Investment Group, Inc.
930 South Bell Blvd. Suite 104
Cedar Creek, TX 78612

American Foods
8402 Lemon Road
Port Richey, FL 34668-6973

Auto Owners Insuranc
P O Box 30315
Lansing, MI 48909-7815

Beltram
6800 N. Florida Avenue
Tampa, FL 33604-5558

Best Buy - HSBC Retail Services
P O Box 15521
Wilmington, DE 19850-5521

Bright House Networks
700 Carillon Pkwy
St. Petersburg, FL 33716-1123

Carrco
13191 56th Court North
Suite 102
Clearwater, FL 33760-4030

Charles Head
387 NW Magnolia Circle
Crystal River, FL 34428-3819

Cheney Brothers
2801 W. Silver Springs Blvd
Ocala, FL 34475-5655

Cintas
P O Box 630910
Cincinnati, OH 45263-0910

City of Dade City
38020 Meridian Ave
PO Box 1355
Dade City, FL 33526-1355

Comm Log
2509 E. Darrel Road
Phoenix, AZ 85042-5936

DT Airconditioning and Heating/John Davi
18412 Sterling Silver Circle
Lutz, FL 33549-5839

Department of Labor and Security
Hartman Building Suite 307
2012 Capital Circle Southeast
Tallahassee FL 32399 0648

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Diabetic Charitable Services
4711 34th Street N
Suite H
St. Petersburg, FL 33714-3015

Elizabeth R. Oberding
c/o Patrick O'Connor, Esq
O'Connor & Associates
1250 S. Belcher Road, Suite 160
Largo, FL 33771-5209

Elizabeth R. Oberding Revocable Trust
c/o Elizabeth R. Oberding
2555 Heron Lane North
Clearwater, FL 33762-2220

FCS Inc
3813 126th Ave N
Suite 13
Clearwater, FL 33762-4232

Florida Department of Revenue
Lisa Vickers (Escheverri), Exec. Dir.
5050 West Tennessee Street
Tallahassee, FL 32399-0100

Daniel R. Fogarty
Stichter, Riedel, Blain & Prosser, PA
110 East Madison Street, Suite 200
Tampa, FL 33602-4718

Frontier Lighting
2090 Palmetto Street
Clearwater, FL 33765-2134

Heritage Bank of Florida
23000 State Road 54
Lutz, FL 33549-6958

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

LEAF Funding, Inc.
1818 Marketing St. 9th Floor
Philadelphia, PA 19103-3647

Massey Prevent Tech
3350 Ulmerton Road
Ste 5 & 6
Clearwater, FL 33762-3397

K. Rodney May
Tampa

Mount Pleasant Capital Corp.
120 Mt. Pleasant Rd.
P.O. Box 29071
Warrendale, PA 15086-7555

NetBank Business Finance
100 Executive Center Drive, Suite 101
Columbia, SC 29210-8408

| | | |
|---|---|---|
| NuCO2<br>P O Box 9011<br>Stuart, FL 34995-9011 | O'Connor & Associates<br>1250 S. Belcher Road<br>Sutie 160<br>Largo, FL 33771-5213 | Office of US Attorney<br>Attn Civil Process Clerk<br>400 North Tampa St Suite 3200<br>Tampa FL 33602-4774 |
| Pasco County Tax Collector<br>P.O. Box 276<br>Dade City, FL 33526-0276 | Pinnacle Business Finance<br>5407 12th Street E. Suite A<br>Tacoma, WA 98424-1307 | Radiant Systems<br>P O Box 198755<br>Atlanta, GA 30384-8755 |
| Restaurant Development Association, Inc.<br>4711 34th Street North<br>Suite D<br>Saint Petersburg, FL 33714-3060 | Sam's State Road 56, LLC<br>c/o Ian Black Real Estate<br>1075 Central Avenue<br>Sarasota, FL 34236-3314 | Staples - Credit Plan<br>P O Box 689020<br>Des Moines, IA 50368-9020 |
| State Fire Protection<br>P O Box 5354<br>Largo, FL 33779-5354 | Sterling National Bank<br>500 Seventh Avenue 11th Floor<br>New York, NY 10018-4502 | United States Trustee - TPA<br>Timberlake Annex, Suite 1200<br>501 E Polk Street<br>Tampa, FL 33602-3949 |
| Verizon<br>P O Box 33078<br>St. Petersburg, FL 33733-8078 | (p)WACHOVIA BANK NA<br>PO BOX 13765<br>ROANOKE VA 24037-3765 | Your Sip<br>402 Tampa Road<br>Palm Harbor, FL 34683-5461 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Wachovia Bank, N.A.
PO Box 2705
Winston Salem, NC 27101-2705

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Centry-Summertree LLC | (u)Frank Marinelli | End of Label Matrix<br>Mailable recipients    44<br>Bypassed recipients     2<br>Total                  46 |